Julia Azrael (Bar No. 109049)
Email: jazrael@azraellaw.net
John S. Curtis (Bar No. 50350)
Email: jcurtis@azraellaw.net
**LAW OFFICES OF JULIA AZRAEL**
5200 Lankershim Boulevard, Suite 850
North Hollywood, California 91601
Telephone: (818) 766-5177
Facsimile: (818) 766-5047

Attorneys for Defendant
FDS BANK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NVARD GRIGORYAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MACY'S CORPORATE SERVICES, INC., A California corporation<br><br>Defendant. | CASE NO. CV11-10436 DDP (FFMx)<br><br>Case Assigned to the Honorable Dean D. Pregerson – Ctrm. 3<br><br>[Complaint Filed: November 29, 2011]<br><br>**DEFENDANT FDS BANK'S ANSWER TO COMPLAINT**<br><br>Discovery Cutoff: None<br>Motion Cutoff: None<br>Trial Date: None |

In answer to *in pro personam* Plaintiff NVARD GRIGORYAN's Complaint, Defendant FDS BANK (erroneously named as Macy's Corporate Services, Inc.) admits, denies, and alleges as follows:

## I. JURISDICTION AND VENUE

1. FDS BANK admits that Plaintiff purports to bring this cause of action pursuant to 15 U.S.C. § 1681p, California *Civil Code* §1785.33, 18 U.S.C. §1337 and that she claims supplemental jurisdiction exists for the state law claims pursuant to 28

U.S.C. §1367. FDS BANK acknowledges that Declaratory Relief is claimed pursuant to 28 U.S.C. §§ 2201 and 2202 but denies declaratory relief is appropriate under the retrospective facts alleged in the complaint.

2. FDS BANK admits the venue is proper in this Central District of California.

## II. THE PARTIES

3. FDS BANK lacks sufficient information or belief to admit the allegations of this paragraph and accordingly denies them.

4. FDS BANK admits that 15 U.S.C. § 1681a(c) and California *Civil Code* §1785.3(b) define consumer and admits that Plaintiff Nvard Grigoryan is a consumer of goods sold by Macy's within the jurisdiction of this court.

5. FDS BANK admits it is a federally chartered savings association headquartered in Mason, Ohio and that it services accounts issued by Department Stores National Bank to customers of Macy's.

6. FDS BANK admits the allegations of this paragraph.

## III. FACTUAL ALLEGATIONS

7. FDS BANK lacks sufficient information or belief to admit or deny that Plaintiff obtained her credit report from reporting agencies in September 2010 and FDS BANK lacks any information about plaintiff's memory but asserts that Plaintiff is a debtor on the three tradelines as identified in this paragraph.

8. FDS BANK lacks sufficient information or belief to admit the allegations in this paragraph and accordingly denies them.

9. FDS BANK lacks sufficient information or belief to admit the allegations in this paragraph and accordingly denies them.

10. FDS BANK lacks sufficient information or belief to admit the allegations in this paragraph and accordingly denies them.

1  11.   FDS BANK denies all allegations in this paragraph.
2  12.   FDS BANK denies all allegations in this paragraph.
3  13.   FDS BANK denies all allegations in this paragraph and specifically
4 denies that the accounts are fraudulent.

## FIRST CLAIM FOR RELIEF

### (Violations of the California *Civil Code* Section 1798.93)

14.   FDS BANK repeats and incorporates by reference its answer to paragraphs 1 – 13.

15.   FDS BANK denies all allegations in this paragraph.

(a)   FDS BANK denies all allegations in this subpart.

## SECOND CLAIM FOR RELIEF

### (Violations of the FCRA [15 U.S.C. §1681 et seq.])

16.   FDS BANK repeats and incorporates by reference its answer to paragraphs 1 – 15.

17.   FDS BANK denies all allegations in this paragraph.

(a)   FDS BANK denies all allegations in this subpart.
(b)   FDS BANK denies all allegations in this subpart.
(c)   FDS BANK denies all allegations in this subpart.
(d)   FDS BANK denies all allegations in this subpart.

18.   FDS BANK denies all allegations in this paragraph.

## THIRD CLAIM FOR RELIEF

### (For Violations of the Consumer Credit reporting Agencies Act)

19.   FDS BANK repeats and incorporates by reference its answer to paragraphs 1 – 18.

20.   FDS BANK denies all allegations in this paragraph.

(a) FDS BANK denies all allegations in this subpart.

(b) FDS BANK denies all allegations in this subpart.

## FOURTH CLAIM FOR RELIEF

### (Declaratory Relief)

21. FDS BANK repeats and incorporates by reference its answer to paragraphs 1 – 18.

22. FDS BANK denies all allegations in this paragraph.

23. FDS BANK admits that a judicial declaration that the conduct of defendant violated application statutes "is not just and appropriate" (sic) and defendant specifically disputes that declaratory relief is available on retrospective facts only.

## PRAYER

1. FDS BANK denies this relief is just or proper on the facts of this case.
2. FDS BANK denies this relief is just or proper on the facts of this case.
3. FDS BANK denies this relief is just or proper on the facts of this case.
4. FDS BANK denies this relief is just or proper on the facts of this case.
5. FDS BANK denies this relief is just or proper on the facts of this case.
6. FDS BANK denies this relief is just or proper on the facts of this case.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege facts sufficient to constitute claims for relief against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

FDS BANK denies that it has violated any statute, regulation, constitutional provision, common law or public policy or caused damage or injury to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has committed intentionally wrongful acts by denying charges on her credit accounts and making a false claim of fraud; her intentionally wrongful conduct bars any recovery.

### FOURTH AFFIRMATIVE DEFENSE

At all times relevant to this action, Macy's has acted in good faith to ensure full compliance with the FCRA and California *Civil Code* §1785 *et seq.*

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred by the doctrines of waiver and estoppel based upon plaintiff's own conduct which led to or contributed to her alleged damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from any recovery based upon her own contributory negligence or other misconduct which contributed to her alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

### PRAYER

WHEREFORE, having generally denied Plaintiff's Complaint and having alleged affirmative defenses, Defendant prays:

1. That Plaintiff take nothing by her Complaint;

2. For judgment in Defendant's FDS BANK's favor and dismissal of all of Plaintiff's claims.

3. To recover their costs and attorney fees incurred in this action; and

4. For such other and further relief as the Court may deem proper.

Dated: January 24, 2012

LAW OFFICES OF JULIA AZRAEL

By: /s/ Julia Azrael
JULIA AZRAEL
Attorneys for Defendant FDS BANK

# PROOF OF SERVICE

STATE OF CALIFORNIA      ) ss.:
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 5200 Lankershim Boulevard, Suite 850, North Hollywood, California 91601.

On January 24, 2012, I served on interested parties in said action the within:

**DEFENDANT FDS BANK'S ANSWER TO COMPLAINT**

____ **BY MAIL:** By placing true copies thereof in sealed envelope(s) addressed as stated on the attached mailing list, and placing it for collection and mailing following ordinary business practices. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

_X_ **BY PDF VIA CM-ECF:** I caused the above-referenced document(s) to be sent via email in pdf format to the attached address(es).

____ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to FedEx for delivery to the attached address(es).

____ **BY FAX:** I transmitted a copy of the foregoing document(s) this date via telecopier to the facsimile numbers shown above.

____ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

____ **[State]** State of  I declare under penalty of perjury under the laws of the California that the foregoing is true and correct.

_X_ **[Federal]** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 24, 2012, at North Hollywood, California.

_____CHRISTINE M. TINKER_____          *Christine M. Tinker*
(Type or print name)                      (Signature)

*Grigoryan v. Macy's Corporate Services, Inc..*
Case No. CV11-10436 DDP (FFMx)

| | |
|---|---|
| Nvard Grigoryan<br>Plaintiff in Pro Se<br>4407 Prospect Avenue, Apt. 16<br>Los Angeles, California 90027<br>NVARD46@YMAIL.COM – EMAIL | Plaintiff in Pro Se |
| Mark Geers, Esq.<br>MACY'S, INC.<br>Law Department<br>611 Olive Street, Tenth Floor<br>St. Louis, Missouri 63101-1799<br>(314) 342-4331<br>(314) 342-6066 – FAX<br>mark.geers@macys.com - EMAIL | [Courtesy Copy] |

- 8 -
FDS Bank's Answer to Complaint